## T. ELSCHLEP *v.* THE STATE.

RAPE.— INDICTMENT for rape charged an assault upon the female with intent to ravish and carnally know her, and alleged that the accused obtained carnal knowledge of her without her consent and against her will. *Held,* not a good indictment to charge a rape by force, because it neither alleges that the accused obtained the carnal knowledge by force, nor that he ravished the female. See the opinion in full.

APPEAL from the District Court of Guadalupe. Tried below before the Hon. E. LEWIS.

The material allegations of the indictment are embodied in the opinion. The verdict of conviction assessed the punishment at a term of eighteen years in- the penitentiary.

*Goodrich & Neal,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J. The appellant was convicted of rape.

The charging part of the indictment is as follows: "That Theodore Elschlep, late of said county, on the fifth day of February, in the year of our Lord eighteen hun-

dred and eighty, with force and arms in the county aforesaid, did then and there wilfully, unlawfully, fraudulently and feloniously in and upon the person of Anna Schmidt, a female child, did make an assault with the unlawful and felonious intent on the part of him, the said Theodore Elschlep, to forcibly ravish and carnally to know her the said Anna Schmidt, without the consent and against the will of her the said Anna Schmidt, the said Theodore Elschlep being then and there an adult male person; and so the grand jurors aforesaid, on their oaths aforesaid, do say that at the time and at the place, and in the manner and by the means aforesaid, he the said Theodore Elschlep did wilfully and unlawfully and feloniously have and obtain carnal knowledge of the said Anna Schmidt, without then and there the consent of the said Anna Schmidt," etc.

The defendant by his counsel excepted to the sufficiency of this indictment upon the ground that "it does not allege that the carnal knowledge was obtained by force, threats or fraud." It is true that the indictment fails to allege either of these means in the language of the statute; but if words of similar import are used, this will suffice. Has this been done in this indictment? A charge that defendant did ravish is equal to an allegation that the rape was effected by force and against the consent of the female; hence, if this indictment alleges that the defendant did ravish Anna Schmidt, it would be good, so far as the means used to effect the rape is concerned.

But does this indictment contain this allegation. Evidently it does not. It is true that there is an averment that the *assault* was made *with intent* to ravish, but it is no where charged that defendant *did* ravish the prosecutrix. It is urged, however, that, as the indictment charges that defendant assaulted Anna Schmidt with intent to ravish her, and as it then proceeds to charge the rape by alleging that "at the time and at the place and in the

*manner and by the means aforesaid,* he the said Theodore Elschlep did have and obtain carnal knowledge of the said Anna Schmidt," that this portion of the indictment which seeks to charge the rape is aided by every allegation contained in that which charges the assault. Concede this to be true, still the same trouble meets us at the threshold; which is that that part of the indictment which *charges the assault* fails utterly to charge that defendant *ravished;* but that he made an assault *with intent* to ravish.

Most clearly, a charge that a person attempted or intended to do a thing is not an affirmative allegation that he accomplished his intended purpose. The "*manner and means aforesaid*" are supported not by an accomplished fact, but by an intended act. The defendant assaulted the girl with intent to ravish, that is, with intent to have carnal knowledge *by force* (the word *ravish* being equal to and of the same import with having carnal knowledge *by force);* hence, that part of the indictment which charges the assault alleges, in substance, that the assault was made with intent to have carnal knowledge *by force.* There was an intended means (which was *force),* but it is not charged anywhere that either this or any other means was actually used; therefore, to hold this indictment good, the intention to resort to force to accomplish the rape must be held equal to an actual resort to and use of force. The assault in this case fails to reach the force,— that force by which the rape was effected. The force was only in the mind,— intended, not applied,— not made the means by which the carnal knowledge was obtained.

We are, therefore, of the opinion that the exceptions to the indictment were well taken and should have been sustained. The judgment is, therefore, reversed and the case dismissed.

*Reversed and dismissed.*